IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROY ALAN STUART, § | | |
|    TDCJ-CID #723681, § | | |
| v. § | | CASE NO. 2:12-cv-114 |
| § | | |
| WILLIAM BURGIN. § | | |

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND COMPLAINT**

Pending is plaintiff's motion to amend complaint. (D.E. 28). For the reasons stated herein, plaintiff's motion is granted.

**I.    Jurisdiction.**

The Court has federal question jurisdiction over this prisoner civil rights action. 28 U.S.C. § 1331.

**II.    Background.**

Plaintiff Roy Alan Stuart is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently confined at the McConnell Unit in Beeville, Texas. On April 16, 2012, plaintiff filed a letter/motion seeking appointment of a lawyer to assist him on his claims that he was being denied proper medical attention for his deteriorating vision in deliberate indifference to his serious medical needs. (D.E. 1). Plaintiff's letter/motion was construed as a civil rights complaint pursuant to 42 U.S.C. § 1983.

On May 31, 2012, an evidentiary hearing was held on plaintiff's claims for injunctive relief and his request for appointment of counsel. It was determined that William Burgin, the

McConnell Unit practice manager, was the appropriate individual to address plaintiff's claims, and on June 1, 2012, service was ordered on Mr. Burgin. (D.E. 16). In the order, plaintiff's claims were characterized as seeking injunctive relief only. See id., n.1.

On July 19, 2012, Mr. Burgin filed a Rule 12(b)(1) and (6) motion to dismiss. (D.E. 26). Defendant contends that plaintiff's claims for injunctive relief are moot because plaintiff underwent cataract surgery on June 5, 2012, thus "receiving the precise remedy which he sought through filing this lawsuit." Id. at 3.

On August 8, 2012, plaintiff filed a response to Mr. Burgin's motion to dismiss, and a motion to amend his original complaint (D.E. 27/28). Plaintiff contends that the Court misconstrued his complaint as seeking injunctive relief only; he argues that he is in fact seeking to recover monetary damages for the pain and suffering he incurred concerning his vision loss, beginning as early as September 2010. In addition, plaintiff moves a third time for appointment of counsel to assist him in this lawsuit.

**III.   Discussion.**

Rule 15of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Little v. Liquid Air. Corp., 952 F.2d 841, 846 (5th Cir. 1992). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

In the instant case, there is no delay on plaintiff's part in raising his claim for monetary damages. Plaintiff admits that, at the evidentiary hearing, his "main objective" was to have his vision restored, but contends that he did not conscientiously abandon any claims he might have for money damages. In his motion to amend complaint, plaintiff seeks to support his claim for damages by detailing the efforts he took to receive proper medical attention.

This case is at its initial stages and indeed, Mr. Burgin has not yet filed an answer, but only a motion to dismiss based on his incorrect premise that plaintiff was seeking injunctive relief only. With this clarified, there is no issue that plaintiff is free to amend his complaint with no prejudice to defendant. Thus, plaintiff's motion to amend complaint (D.E. 28) is GRANTED. However, the Court finds that, because plaintiff's original complaint was via the form of a letter, it is appropriate to require him to set forth his claims on a proper § 1983 form and to answer the questions concerning previous lawsuits and exhaustion. As such, the Clerk of the Court is instructed to mail to plaintiff a § 1983 form. Plaintiff is to complete the form and return it to the Court, and to title it as his "First Amended" complaint. Plaintiff is reminded to serve a copy on counsel for Mr. Burgin, and he is instructed complete this amendment **within twenty (20) days of the date of his receipt of the § 1983 form.**

Plaintiff's third request for appointment of counsel is denied for the reasons previously stated. (See D.E. 12, 22).

ORDERED this 26th day of September, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE