IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROY ALAN STUART, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. C-12cv-114 |
| | § | |
| WILLIAM BURGIN, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING FOURTH MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate currently assigned to the McConnell Unit of TDCJ-CID. He alleges in this lawsuit filed pursuant to 42 U.S.C. § 1983 that defendant Burgin was deliberately indifferent to his serious medical needs by failing to schedule his cataract surgery (D.E. 1). Pending is plaintiff's fourth motion for appointment of counsel (46).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. Plaintiff alleges that defendant Burgin failed to schedule him for cataract surgery, even though his cataract was so serious that he could not see at all because of permanent damage to his other eye. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings and his testimony during the evidentiary hearing demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims. Plaintiff has received the cataract surgery which he was told he needed, but claims he cannot see to read. Plaintiff states that he presently can see and read only bold print, but he was able to prepare his motion for appointment of counsel. Plaintiff claims he had an inmate helping him with his case, but the inmate was released. Plaintiff can request from assistance from the law library staff, and can request that other inmates read cases to him and help him to prepare documents. Plaintiff appears to be able, at this stage of the case, to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature because the case has not yet been set for trial.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's fourth motion for appointment of counsel (D.E. 46) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 3rd day of April, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE