UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROY ALAN STUART, § § Plaintiff, § VS. § WILLIAM BURGIN, *et al*, § § Defendants. § | § § § § CIVIL ACTION NO. 2:12-CV-114 § § § § |

## OPINION AND ORDER DENYING SECOND MOTION TO AMEND COMPLAINT

Plaintiff seeks leave to amend his complaint for the second time (D.E. 73). He seeks to (1) add UTMB Counseling Specialist Joseph Mayberry as a Defendant; and (2) to clarify that all defendants are sued in their official, as well as their individual, capacities (*Id.*).

Amendments before trial are governed by Rule 15(a) of the Federal Rules of Civil Procedure. A party may amend its pleading once as a matter of course within 21 days after serving it. FED. R. CIV. P. 15(a)(1)(A). In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

Determining when justice requires permission to amend rests within the discretion of the court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct.

795 (1971); *Nilson v. City of Moss Point, Miss,* 621 F.2d 117, 112 (5th Cir. 1980).  The court need not grant leave to amend if the amendment(s) sought would be futile.  *Central Laborer's Pension Fund v. Integrated Elec. Svcs. Inc.,* 497 F.3d 546, 556 (5th Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)).

Analyzing Plaintiff's motion within this context, it is clear that his amendments would be futile.  To the extent that Plaintiff seeks to add claims for monetary damages against all Defendants in their official capacities, those claims are against the state itself, and are barred by the Eleventh Amendment.  See  Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from [state] officers in their official capacities.").

Plaintiff also seeks to add a deliberate indifference to serious medical needs claim against Joseph Mayberry, alleging that on September 12, 2012, during a Telemed video conference, Mayberry made a recommendation that Plaintiff be provided with a magnifier that was never provided (D.E. 73 at 2).  First of all, Plaintiff has been aware of this claim since September 2012, and should have filed his claim earlier, not sixteen (16) months after the event occurred.  But more importantly, Plaintiff has alleged no unconstitutional conduct on Mayberry's part.

Deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."  Estelle v. Gamble, 429 U.S. 97, 105 (1976). "Deliberate indifference describes a state of mind more blameworthy than negligence;" there must be "more than ordinary lack of due care for the prisoner's interests or safety."  Farmer, 511 U.S. at 835 (1994) (construing Estelle, 429 U.S. at 104).  To establish an Eighth

Amendment violation, an inmate must show that a prison official "act[ed] with deliberate indifference [and] exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. at 37.

A mere disagreement with the level and type of treatment is not actionable under the Eighth Amendment. Estelle, 429 U.S. at 107; Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Young v. Gray, 560 F.2d 201 (5th Cir. 1977). An incorrect diagnosis does not state an Eighth Amendment claim because the deliberate indifference standard has not been met. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). A "plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)). Delay in treatment may be actionable under § 1983 only if there has been deliberate indifference and the delay results in substantial harm. Stewart v. Murphy, 174 F.3d 530, 537 (5th Cir. 1999); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Mayberry made the recommendation that the McConnell Unit provide a magnifier, which is a reading aid, to the Plaintiff, but does not appear to have had the responsibility, authority, or the budget to order that the magnifier. Plaintiff has not cited to any authority that he had a constitutional right to a magnifier, or a reading aid, and the court knows of none.

For the foregoing reasons, Plaintiff's motion for leave to amend his complaint (D.E. 73) is DENIED in all things.

ORDERED this 24th day of January, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE