UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROY ALAN STUART, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-114 |
| | § | |
| WILLIAM BURGIN, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT DEFENDANT LIVINGSTON'S MOTION TO DISMISS**

Pending is the motion of defendant Brad Livingston, Executive Director of the Texas Department of Criminal Justice (TDCJ), to dismiss plaintiff's § 1983 claims that he was deliberately indifferent to Plaintiff's serious medical needs (D.E. 72). It is respectfully recommended that the motion be granted.

**I.     Background facts and proceedings.**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently confined at the McConnell Unit in Beeville, Texas. On April 16, 2012, plaintiff filed a letter/motion seeking appointment of an attorney to assist him on his claims that he was being denied proper medical attention for his deteriorating vision in deliberate indifference to his serious medical needs. (D.E. 1). Plaintiff's letter/motion was construed as a civil rights complaint pursuant to 42 U.S.C. § 1983.

On May 31, 2012, an evidentiary hearing was held on plaintiff's claims for injunctive relief and his request for appointment of counsel. It was determined that

William Burgin, the McConnell Unit practice manager, was the appropriate individual to address plaintiff's claims, and on June 1, 2012, service was ordered on Mr. Burgin. (D.E. 16). In the order, plaintiff's claims were characterized as seeking injunctive relief only. *See id.,* n.1. Plaintiff was granted leave to amend his complaint, and on October 18, 2012, plaintiff filed his third amended complaint. (D.E. 28, 31, 34). In his third amended complaint, plaintiff names, in addition to William Burgin, the following individuals as defendants: Brad Livingston, TDCJ-CID Executive Director; John Doe, the director of Correctional Managed Care (CMC) at John Sealy Hospital in Galveston; and Dr. Theresa Witt, the UTMB physician assigned to the McConnell Unit. (D.E. 34 at 3).

After service of process, Defendant Livingston filed his motion to dismiss (D.E. 72). Plaintiff failed to file any response.

## II. Standard of Review.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir.1996). Dismissal is appropriate only if the factual allegations are insufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

More recently, the Supreme Court expounded upon the *Twombly* standard and held that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In this regard, a review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper."  *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. 2008).

## III.  Discussion.

### A.  Eleventh Amendment Immunity

Defendant Livingston moves to dismiss any claims filed against him in his official capacity for monetary damages.  It is well established that the Eleventh Amendment bars a suit for money damages against a state or state agency.  *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).  An action against a state official in his or her official capacity is, in actuality, an action against the State itself, and is therefore barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity to TDCJ-CID officers and officials acting in their official capacities.  *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities); *Aguilar v. TDCJ*, 160 F.3d 1052, 1054 (5th Cir. 1998) (same).

Thus, to the extent plaintiff is suing Defendant Livingston in his official capacity for money damages, those claims are barred by the Eleventh Amendment, it is recommended that those claims be dismissed.

### B. Plaintiff's allegations against Defendant Livingston

Plaintiff alleges that Defendant Livingston, the Executive Director of TDCJ, was deliberately indifferent to his serious medical needs when he "failed to keep funds available to pay for the health care of the offenders confined within the confines of TDCJ-ID (sic). It is his responsibility to see that all offenders are provided adequate medical care" (D.E. 34 at 3-5). Plaintiff failed to allege that Defendant Livingston had any knowledge of, or that he participated in, any events involving the medical care of the Plaintiff, or that he had any direct responsibility for scheduling Plaintiff's medical appointments or surgery.

It is well established that a § 1983 plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*. *Beattie v. Madison County School Dist.*, 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). "[Section] 1983 does not give a cause of action based on the conduct of subordinates. Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

Plaintiff has not alleged any personal involvement by Defendant Livingston.  His allegation that Defendant Livingston did not provide sufficient funds for health care for inmates is conclusory and unsupported by any facts generally, and unsupported by any facts related to the Plaintiff in particular.  *See In re Great Lakes Dredge & Dock Co., LLC,* 624 F.3d 201, 210 (5th Cir. 2010) ("We do not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions'").  Despite having had ample time to do so, Plaintiff failed to respond to the motion to dismiss or to ask for any additional time to amend his allegations against Defendant Livingston.  Plaintiff's claims against Director Livingston should be dismissed.

**IV.   Recommendation**

Based on the foregoing, it is respectfully recommended that Defendant Livingston's motion to dismiss (D.E. 72) be GRANTED, and all claims against him be dismissed with prejudice.

Respectfully submitted this 18th day of March, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).