UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROY ALAN STUART, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-114 |
| § | |
| WILLIAM BURGIN, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant Brad Livingston's motion to dismiss Plaintiff's § 1983 claims. D.E. 72. Defendant Livingston is the Executive Director of the Texas Department of Criminal Justice (TDCJ). On March 18, 2014, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation recommending that Defendant Livingston's motion be granted. D.E. 76. Plaintiff filed his objections on March 26, 2014. D.E. 77. Plaintiff's objections are set out and discussed below.

First, Plaintiff clarifies that he is suing Defendant Livingston in his individual as well as official capacity. Supreme Court and Fifth Circuit precedent firmly establish that the Eleventh Amendment bars any suit for money damages against Defendant Livingston in his official capacity. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 44 (1996) ("The Eleventh Amendment presupposes that each State is a sovereign entity in our federal system and that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without a State's consent."); *Kentucky v. Graham*, 473 U.S. 159,

166 (1985) (stating that a suit against a state official in his official capacity is to be treated the same as a suit against the state); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity."). To the extent Plaintiff objects to the dismissal of claims against Defendant Livingston in his official capacity for money damages, the objection is **OVERRULED**.

Second, Plaintiff argues that Defendant Livingston, as the Executive Director of the TDCJ, should not be able to shirk responsibility for the "torture" occurring in Texas prisons simply by blaming his subordinates or claiming not to have personal knowledge of certain situations that, in Plaintiff's opinion, an Executive Director should be privy to. D.E. 77, p. 2-3.

In response to the Magistrate Judge's conclusion that Defendant Livingston had no personal involvement in the acts and omissions Plaintiff complains of, Plaintiff's objections specifically allege that Defendant Livingston "did in fact participate in the event denying Plaintiff his much needed medical [care] by failing to ensure that the funds were available to pay for the [care]." D.E. 77, p. 2. As evidence that the cause of the alleged denial of medical care was a lack of funds, Plaintiff states that a nurse told him that the reason his medical appointment was cancelled was because of budget problems. D.E. 77, p. 2. Plaintiff also references a medical report to the same effect that he claims was sent to him by the Attorney General's office. D.E. 77, p. 2.

Even with his new allegation of participation, Plaintiff still fails to state a claim under § 1983 because formulaic language and unsubstantiated assertions alone are not

sufficient to survive a motion to dismiss. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint will not suffice "if it tenders naked assertions devoid of further factual enhancement." *Id.* A plaintiff must demonstrate "a reasonably founded hope that [he] would be able to make a case." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007).

Plaintiff's complaint is comprised of precisely the type of bald assertions and unsubstantiated conclusions that *Iqbal* and *Twombly* preclude. Plaintiff offers no support for his suspicions that Defendant Livingston was a direct participant in any decision that affected Plaintiff's medical care or the lack thereof. The evidence Plaintiff references would only indicate the existence of a budget problem—not any personal involvement by Defendant Livingston in being deliberately indifferent to Plaintiff's serious medical needs by failing to provide sufficient funds for inmate care. Accordingly, Plaintiff's allegations are insufficient to satisfy the threshold requirements supplied by the Federal Rules and Supreme Court precedent.

To the extent Plaintiff continues to rely on Defendant Livingston's role as TDCJ's Executive Director as a basis for liability, such an imposition is squarely precluded by Fifth Circuit precedent. *See e.g., Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("[Section] 1983 does not give a cause of action based on the conduct of subordinates. Personal involvement is an essential element of a civil rights cause of action.");

*Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").

Because Plaintiff's allegation that Defendant Livingston did not provide sufficient funds for his medical care is conclusory and unsupported by any facts and because vicarious liability is not a basis for relief in a § 1983 claim, Plaintiff's allegations fail to state a claim for relief against Defendant Livingston.  Accordingly, Plaintiff's second objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, Defendant Livingston's motion to dismiss (D.E. 72) is **GRANTED,** Plaintiff's third amended complaint (D.E. 34) is **DISMISSED**, and Plaintiff's request for discovery is **DENIED** as moot.

ORDERED this 20th day of May, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE